**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAWRENCE PIMENTA,

          Petitioner-Appellant,

v.

CHARLES CRANDELL, Warden,
Central Arizona Detention Center;
ATTORNEY GENERAL STATE OF
NEW MEXICO,

          Respondents-Appellees.

No. 99-2055

(D. C.  No. CIV 97-937 LH/WWD)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

Lawrence Pimenta, a prisoner serving a sentence imposed by a New Mexico state court, requests this court to issue a certificate of appealability so that he may appeal the district court's order denying his application for a writ of habeas corpus pursuant to 28

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2254.[1]  For the reasons set forth below, we conclude that Mr. Pimenta has failed to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  Accordingly, we deny his application for a certificate of appealability and dismiss this appeal.

## I.  BACKGROUND

The state charges against Mr. Pimenta arise out of his unauthorized use of car belonging to Frances Shutt on April 6, 1994.  Upon noticing Mrs. Shutt standing near her car with the hood up, Mr. Pimenta told her that he could fix the oil leak and change the oil for $200.  Mrs. Shutt agreed, telling Mr. Pimenta to drop her off at church, fix her car, and return it to her later that evening. Mr. Pimenta accompanied Mrs. Shutt to the bank, where she withdrew money for the repairs, and then to an auto parts store, where she paid for supplies.  Mrs Shutt later testified that Mr. Pimenta had permission to use the car "just to drive to the garage [to fix the car] and drive back and pick me up."  Rec. vol I, at 7 doc. 42 ( Magistrate's Report and Recommendations, filed January 19, 1999) (quoting grand jury tape, 36.5-36.8, police rep't narr, at 2, Petitioner's Ex. B.).

After dropping Mrs. Shutt off at church, Mr. Pimenta drove to a mall and

---

[1]  After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  Fed R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

purchased beer. He then looked in the trunk of the car, took out a set of repair tools that had belonged to Mrs. Shutt's late husband, and sold a few of them to an employee at a garage for $20. He also returned the auto parts for cash. Mrs. Shutt never told Mr. Pimenta about the tools in the car, and she did not authorize him to look in the trunk.

The garage employee became suspicious of Mr. Pimenta and called the police. After the police stopped him, Mr. Pimenta admitted that he had sold the tools in order to get some cash for his cocaine habit.

In August 1994, Mr. Pimenta pleaded no contest in a New Mexico state court to the following charges: (1) embezzlement of property over $250 but less than $2,500 in value (a violation of N. M. Stat. Ann. § 30-16-8); (2) larceny of property over $100 but less that $250 (a violation of N. M. Stat. Ann. § 30-16-1); and (3) receiving or disposing of stolen property of over $100 but less that $250 (a violation of N. M. Stat. Ann. § 30-16-11). Under New Mexico law, the embezzlement charge (which concerned Mrs. Shutt's car) is a felony. The larceny and receiving stolen property charges (which concerned the tools in her trunk) are misdemeanors. The Third Judicial District Court sentenced Mr. Pimenta to eighteen months imprisonment followed by one year parole on the felony embezzlement charge and 364 days on each of the misdemeanor charges, with the terms to run consecutively. However, the court suspended the entire sentence and imposed a term of probation of three and a half years.

One of the conditions of probation was that Mr. Pimenta would "participate in . . .

and successfully complete" a drug treatment program. Rec. doc. 15, Ex. F. Mr. Pimenta also agreed that he would "waive any applicable time limits for the filing of Supplement Criminal Information(s)" with regard to prior felony convictions (in New Mexico in Florida). Id. Ex. E. Under New Mexico's habitual offender provisions, Mr. Pimenta's prior felony convictions authorized the state to enhance his sentence on the current embezzlement charge. See N. M. Stat. Ann. § 31-18-17. In exchange for Mr. Pimenta's plea, the state agreed not to seek a sentence enhancement if Mr. Pimenta complied with the conditions of probation. See Rec. doc. 15, Ex. E.

In June 1995, the state filed a motion to revoke Mr. Pimenta's probation. It argued that Mr. Pimenta had violated the conditions of probation by failing to report to a drug treatment program as directed by his probation officer. See id. Ex. K. In September 1995, the state filed a supplemental criminal information requesting an enhancement of Mr. Pimenta's sentence on the felony charge on the basis of his prior felony convictions. See id. Ex. L. Mr. Pimenta then filed a motion to withdraw his no contest plea, arguing that the plea had not been knowing and voluntary and that it had resulted from ineffective assistance of counsel.

The New Mexico Third Judicial District Court denied Mr. Pimenta's motion to withdraw his plea. On November 20, 1995, it revoked Mr. Pimenta's probation and imposed an enhanced sentence, adding eight years to his original sentence on the felony embezzlement charge pursuant to the habitual offender statute, N. M. Stat. Ann. § 31-18-

4

17. With the enhancement, Mr. Pimenta received a total sentence of nine and a half years, followed by 1 year parole.

After exhausting his state court remedies, Mr. Pimenta filed the instant habeas action in the federal district court in New Mexico. He challenged his conviction on three grounds: First he argued that he was denied his Sixth Amendment right to effective assistance of counsel because his attorney had failed to adequately investigate the embezzlement charge. Second, he argued that the entry of his no contest plea violated his due process rights because there was no factual basis for his plea. Finally, he argued that the New Mexico court's imposition of the enhanced sentence violated his due process rights because he had already served the sentence on the felony embezzlement charge when the district court imposed the enhancement.

The federal district court denied Mr. Pimenta's request for an evidentiary hearing and denied his application for a writ of habeas corpus, rejecting all three of his constitutional claims. Mr. Pimenta now seeks to appeal.

## II. DISCUSSION

In his appellate brief, Mr. Pimenta first contends that he was deprived of effective assistance of counsel in violation of the Sixth Amendment. He argues that the evidence that the prosecution would have presented if the case had gone to trial was insufficient to support the embezzlement charge. According to Mr. Pimenta, "[t]o be guilty of

5

embezzlement under state law, a person must not only convert another's property to his own use, but he must also fraudulently intend to deprive the property's owner of that property at the time of the conversion." Aplt's Br. at 16. Because he was in the process of returning Mrs. Shutt's car when the police stopped him, he now contends, he could not have been found guilty of embezzlement. Thus, he concludes, if his attorney had properly informed him of the elements of embezzlement, he would not have pleaded no contest and he eventually would have been acquitted. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (holding that in order to show ineffective assistance of counsel, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness" and that he was prejudiced by counsel's inadequate performance.").

Mr. Pimenta's challenge to his counsel's assessment of the embezzlement charge is not supported by New Mexico law. In order to convict a defendant of embezzlement, the state is required to prove beyond a reasonable doubt that: (1) the defendant was entrusted with the property; (2) the defendant converted the property to his own use; and (3) at the time the defendant converted the property, the defendant fraudulently intended to deprive the owner of the owner's property. State v. Archie, 943 P.2d 537, 538 (N.M. Ct. App. 1997). "'Converting something to one's own' use means keeping another's property rather than returning it or using another's property for one's own purpose [rather than] . . . for the purpose authorized by the owner." Id. (quoting New Mexico Uniform Jury Instruction 14-1641) (emphasis added). Additionally, in order to establish the

6

intent element, the government need only prove that the defendant intended to deprive the owner of the property temporarily. State v. Moss, 487 P.2d 1347, 1348-49 (N.M. Ct. App. 1971).

Here, Mr. Pimenta has not challenged the state's contention that he used Mrs. Shutt's car for an unauthorized purpose. See Rec. vol. I, doc. 39, at 7 (Respondent's Memorandum Br. filed July 20, 1998) (contending that "[Mr. Pimenta] converted [Mrs. Shutt's] vehicle to his own use since he made no attempt to repair the vehicle and used it for his own purposes."). Accordingly, Mr. Pimenta's counsel's failure to advise him that he was innocent of the embezzlement charge indicates that she made a reasonable assessment of the law and the facts, not that she provided constitutionally deficient performance.

Mr. Pimenta's due process challenge to his guilty plea is based on the same interpretation of New Mexico law as his Sixth Amendment challenge. See Aplt's Br. at 26-28. We reject it for the same reasons.

Mr. Pimenta's third constitutional challenge is directed at his enhanced sentence. He focuses on the date on which the New Mexico state sentence was imposed, November 20, 1995. He argues that, at that time, he had already served the eighteen month sentence that the court had initially imposed for the felony sentence. According to Mr. Pimenta, the court therefore lacked jurisdiction to impose an enhanced sentence for the same offense.

In the state habeas proceeding, the prosecution argued that, on the date that the

enhanced sentence was imposed, Mr. Pimenta was still serving a term of parole on the original sentence. The prosecution also noted that, in the original plea agreement, Mr. Pimenta had agreed to waive the time limits for filing supplemental information seeking an enhanced sentence. The New Mexico court concluded that "[Mr. Pimenta] was still serving his underlying sentence when he was sentenced pursuant to the habitual offender statute and thus the court had jurisdiction to enhance his sentence." Rec. doc. 15, Ex. S, at 2 (Order on Petition for Habeas Corpus Relief, filed April 19, 1996).

As a general rule, federal habeas relief is not available for errors in the interpretation of state sentencing law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). However, a state court's arbitrary disregard of the state sentencing law and imposition of an unauthorized sentence may violate the defendant's due process rights. See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980); Whalen v. United States, 445 U.S. 684, 689-90 n.4 (1990).

In this case, the state court's conclusion (that Mr. Pimenta was still serving his underlying sentence when the enhancement was imposed) does not constitute an arbitrary disregard of state law. In fact, the state court's conclusion is supported by New Mexico law. In State v. Villalobos, 968 P.2d 766 (N.M. 1998), the New Mexico Supreme Court concluded that a state court could properly enhance the sentence of a defendant who, like Mr. Pimenta, was serving a three year period of probation. "[The defendant] had no objectively reasonable expectation of finality in a mere three-year probationary sentence."

8

Villalobos, 968 P.2d at 768.  "[He] was on notice of the consequence of violating probation."  Id. at 769.  That holding supports the imposition of Mr. Pimenta's enhanced sentence.

Finally, we disagree with Mr. Pimenta that he is entitled to an evidentiary hearing. In light of the existing factual record, his allegations, if true, would not entitled him to relief.  See Medina v. Barnes, 71 F.3d 363, 366 (10th Cir. 1995).

Accordingly, we DENY Mr. Pimenta's application for a certificate of appealability and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge

9